09-5345-cv
Farrar v. Stratford

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of August, two thousand and ten.

PRESENT:

>RALPH K. WINTER,
>JOSÉ A. CABRANES,
>DENNY CHIN,
>    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRANKLIN FARRAR,

>*Plaintiff-Appellant,*

>v.                                                                  No. 09-5345-cv

TOWN OF STRATFORD,

>*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FOR APPELLANT:**          Franklin Farrar, *pro se*, Stratford, CT.

**FOR APPELLEE:**           Warren L. Holcomb, Berchem, Moses & Devlin, P.C., Milford, CT.

1

Appeal from a December 11, 2009 judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment be **AFFIRMED**.

Plaintiff-appellant Franklin Farrar, represented by counsel in the District Court, brought this action against the Town of Stratford ("Town") alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The District Court entered judgment for the Town after a jury rendered a verdict in the Town's favor. Farrar, proceeding before this Court *pro se*, appeals from the District Court's judgment arguing that the Court erred by instructing the jury not to consider events that took place before November 18, 2003—the date he filed his administrative discrimination charge, which allegedly was the occasion for the claimed retaliation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

If a party to a civil action wishes to object to the district court's instructions to the jury, Federal Rule of Civil Procedure 51 mandates that the party "do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). "The purpose of the Rule is to allow the trial court an opportunity to cure any defects in the instructions before sending the jury to deliberate." *Fogarty v. Near N. Ins. Brokerage, Inc.*, 162 F.3d 74, 79 (2d Cir. 1998). When a party fails to object to a jury instruction in accordance with Rule 51, we may review the jury instruction only "for 'fundamental' error." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002) (quoting *Shade v. Hous. Auth. of New Haven*, 251 F.3d 307, 312 (2d Cir. 2001)). The "fundamental error" standard is difficult to meet:

> Fundamental error is more egregious than the "plain" error that can excuse a procedural default in a criminal trial, and is so serious and flagrant that it goes to the very integrity of the trial. We have found relief from fundamental error to be warranted when the jury charge deprived the jury of adequate legal guidance to reach a rational decision.

*Id.* (citations and some internal quotation marks omitted).

Here it is undisputed that Farrar failed to object to the challenged jury instruction either at the charging conference or after the instruction was given to the jury. We therefore review the challenged instruction for fundamental error only.

Undertaking that review, we conclude that the District Court's jury instruction was not erroneous, much less so fundamentally flawed as to "deprive[] the jury of adequate legal guidance to

2

reach a rational decision." *Id.* The challenged instruction served only to limit the scope of the evidence that the jury could consider in reaching a verdict on Farrar's retaliation claim. Because his counsel maintained at the charging conference that Farrar's claim arose from the filing of an administrative charge on November 18, 2003, the instruction was consistent with Farrar's theory of the case. Accordingly, there was no error, let alone a "fundamental error," and Farrar's sole argument on appeal is meritless.

## CONCLUSION

For the foregoing reasons, the December 11, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court